FILED
U.S. DISTRICT COURT
BRUNSWICK DIV.

2006 OCT 24  A 11: 09

CLERK _____
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

BRUCE LEE JOHNSON,          :
                            :
         Petitioner,        :
                            :
    vs.                     :     CIVIL ACTION NO.: CV206-106
                            :
JOSE VASQUEZ, Warden,       :
                            :
         Respondent.        :

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Bruce Lee Johnson ("Johnson"), an inmate currently incarcerated at the Federal Correctional Institution in Jesup, Georgia, filed a petition for writ of habeas corpus pursuant to the provisions of 28 U.S.C. § 2241. Respondent filed a Motion to Dismiss, and Johnson filed a Response. For the reasons which follow, Respondent's Motion to Dismiss should be **GRANTED**.

## STATEMENT OF THE CASE

Johnson pleaded guilty in the District Court for the District of South Carolina to conspiracy to defraud the Government, in violation of 18 U.S.C. § 371; he was sentenced to two years' probation. (Case Number 4:01-cr-01003). Johnson also pleaded guilty in the District Court for the District of South Carolina to conspiracy to distribute narcotics, in violation of 21 U.S.C. § 846. Johnson was sentenced to 188 months' imprisonment and five years' supervised release. (Case Number 4:02-cr-00579). Johnson then pleaded guilty in the District Court for the District of South Carolina to making a false statement for

AO 72A
(Rev. 8/82)

a passport, in violation of 18 U.S.C. §§ 1452 and 3147. For this offense, Johnson received 17 months' imprisonment, to run consecutively to the sentence imposed in Case Number 4:02-cr-00579. (Case Number 4:04-cr-00646). Johnson did not file an appeal or a motion pursuant to 28 U.S.C. § 2255 contesting any of these convictions.

In the instant petition, Johnson asserts that his conviction based on the conspiracy charges in Case Number 4:02-cr-00579 is improper. Johnson alleges that the Government violated his right to due process by indicting him based on information obtained through a "debriefing that was protected by the [p]lea [a]greement" in Case Number 4:01-cr-01003. (Pet., p. 3.) Johnson also alleges that the Government breached the terms and conditions of the plea agreement in Case Number 4:01-cr-01003. Johnson contends that he is being unlawfully restrained, which is violative of his right to due process and to be free from cruel and unusual punishment. Johnson asserts that the conviction imposed in Case Number 4:02-cr-00579 is barred by law. Johnson seeks his immediate release from custody or to have the opportunity to appeal his conviction in Case Number 4:02-cr-00579. (Mem., pp. 6-7.) Respondent contends that Johnson has not shown that he is entitled to use section 2255's savings clause to proceed under § 2241. Respondent also contends that this Court lacks jurisdiction to entertain the merits of Johnson's claims as a result. (Mot., p. 5.)

## DISCUSSION AND CITATION OF AUTHORITY

Ordinarily, a motion collaterally attacking a conviction is filed under 28 U.S.C. § 2255 in the district of conviction. 28 U.S.C. § 2255; Sawyer v. Holder, 326 F.3d 1363, 1365 (11th Cir. 2003). However, in those instances where a section 2241 petition attacking custody resulting from a federally imposed sentence is filed, those § 2241 petitions may be entertained where the petitioner establishes that the remedy provided under 28 U.S.C.

2

§ 2255 "is inadequate or ineffective to test the legality of his detention." Wofford v. Scott, 177 F.3d 1236, 1238 (11th Cir. 1999). Section 2255 provides:

> An application for a writ of habeas corpus [pursuant to 28 U.S.C. § 2241] in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, *unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.*

28 U.S.C. § 2255, ¶ 5 (emphasis supplied). The petitioner bears the initial burden of presenting evidence that affirmatively shows the inadequacy or ineffectiveness of the § 2255 remedy. Accardi v. Blackwell, 412 F.2d 911, 914 (5th Cir. 1969).[1]

Johnson has styled his action as a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241. He asserts that the remedy afforded under section 2255 is inadequate or ineffective to challenge the legality of his detention because he "is not challenging the legality of his sentence or conviction but merely the unconstitutionality of his incarceration on a barred indictment by a plea agreement in a previous case." (Pet., p. 4.) Johnson also asserts that section 2255's remedy is inadequate or ineffective to challenge the legality of his detention because "his plea agreement has a stipulation that prohibits any further charges being brought against him in the action described in the indictment that [is] the subject of litigation" in the instant case. (Doc. No. 8, p. 1.)

Courts which have addressed whether remedies under § 2255 are inadequate or ineffective have found them to be so in very limited circumstances. See In re Dorsainvil, 119 F.3d 245, 248-49 (3d Cir. 1997) (holding that § 2255 remedy inadequate when

---

[1] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981)(en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

3

AO 72A
(Rev. 8/82)

intervening change in law decriminalizes conduct and petitioner is barred from filing successive petition); Cohen v. United States, 593 F.2d 766, 771 n.12 (6th Cir. 1979) (holding that § 2255 remedy ineffective where petitioner was sentenced by three courts, none of which could grant complete relief); Stirone v. Markley, 345 F.2d 473, 475 (7th Cir. 1963) (explaining that § 2255 remedy potentially ineffective where sentencing court refused to consider a § 2255 petition or unreasonably delayed consideration of petition); Spaulding v. Taylor, 336 F.2d 192, 193 (10th Cir. 1964) (holding that § 2255 remedy ineffective when sentencing court was abolished). None of the circumstances of these cases exists in the case *sub judice*.

To successfully use a § 2241 petition to circumvent the procedural restrictions of a § 2255 motion, a petitioner must satisfy the savings clause of § 2255. The savings clause of § 2255

> applies to a claim when: 1) that claim is based upon a retroactively applicable Supreme Court decision; 2) the holding of that Supreme Court decision establishes the petitioner was convicted for a nonexistent offense; and 3) circuit law squarely foreclosed such a claim at the time it otherwise should have been raised in the petitioner's trial, appeal, or first § 2255 motion.

Wofford, 177 F.3d at 1244.

Johnson has failed to establish that his claims are based on a retroactively applicable Supreme Court decision or that he was foreclosed on a previous occasion from making the same allegations as he does in the instant petition. Johnson's failure to file a previous section 2255 motion does not render section 2255's remedy inadequate or ineffective. Johnson has not satisfied the requirements of § 2255's savings clause. See Wofford, 177 F.3d at 1244.

AO 72A
(Rev. 8/82)

Johnson cannot circumvent the requirements for § 2255 motions by styling his petition for habeas corpus as filed pursuant to § 2241. "[W]hen a federal prisoner's claims fall within the ambit of § 2255, the prisoner is subject to that section's restrictions." Medberry v. Crosby, 351 F.3d 1049, 1061 (11th Cir. 2003). Johnson is doing nothing more than "attempting to use § 2241 . . . to escape the restrictions of § 2255." Wofford, 177 F.3d at 1245.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Respondent's Motion to Dismiss (Doc. No. 6) be **GRANTED**. Johnson's petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2241, should be **DISMISSED**.

**SO REPORTED** and **RECOMMENDED**, this 24th day of October, 2006.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE